## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| | **NO.  14-315-01** |
| **v.** | |
| **ADOLPHUS WILLIAM CATO** | |
| **aka "Bill"** | |

## MEMORANDUM OPINION

Defendant Adolphus William Cato moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Cato's motion will be denied.

### I.    BACKGROUND

In June 2016, Cato was sentenced to 80 months' imprisonment for bank fraud and identity theft offenses.  He is currently incarcerated at FCI Fairton, in Fairton, NJ and is due to be released on May 28, 2022.

In his release petition, Cato provides that he has "no underlying health issues."  However, he notes that otherwise healthy individuals have succumbed to COVID-19 and contends that conditions at FCI Fairton are such that he is unable to observe proper social distancing and sanitation protocols.[1]  He also notes that several inmates and staff at FCI Fairton have tested

---

[1] Cato also bases his request for compassionate release on the suggestion that these conditions constitute cruel and unusual punishment in violation of the Eighth Amendment, on the basis that "[i]t is virtually impossible to contain the spread of the virus" in a prison environment.

The relevant inquiry "[w]hen an Eighth Amendment claim arises in the context of a challenge to conditions of confinement, [is whether] prison officials acted with deliberate indifference to the inmate's health [by denying the inmate] the minimal civilized measure of life's necessities."  *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir. 2000). While Cato suggests the Bureau of Prisons' containment measures have been insufficient, he does not deny that measures have been instituted; and, even if these measures have been imperfect, the Eighth Amendment does not require perfection on the part of prison officials.  *C.f. Kokinda v. Pennsylvania Dep't of Corr.*, 797 F. App'x 69, 72 (3d Cir. 2019) (explaining that the Eighth Amendment "does not require a perfect diagnosis" from a prison physician and that reasonable mistakes do not constitute deliberate indifference).  Neither has he demonstrated that "the [FDC] would be unable to render treatment to [him] if he were to become infected."  *United States v. Stevens*,

positive for COVID-19.[2]  In consideration of the "extraordinary and compelling" circumstance

that is the COVID-19 crisis, Cato asks the Court to sentence him to time-served, and he promises

to serve out the rest of his sentence under voluntary confinement at his mother's home.  The

government opposes Cato's motion on the basis that he has not demonstrated a particular

susceptibility to complications from COVID-19.

## II.   DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to

seek compassionate release from a court on their own motion, not just through the Bureau of

Prisons."  *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18

U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term

of imprisonment. . . .").  Specifically, provided the defendant has exhausted his administrative

remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after

considering the factors set forth in section [18 U.S.C.] § 3553(a)[3] to the extent that they are

---

2020 WL 1888968, at *6 (E.D. Pa. Apr. 16, 2020) (rejecting Eighth Amendment challenge to detention where defendant had not demonstrated that he had been denied medical care).  Additionally, even if his Eighth Amendment rights had been violated, Cato has not demonstrated that release would be the appropriate remedy for such violation. *United States v. Butler*, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (finding that, even if defendant's Eighth Amendment rights had been violated, these violations would not constitute a basis for compassionate release).

[2] As of the writing of this opinion, 92 inmates have tested positive for COVID-19 at FCI Fairton.  There have been no inmate deaths.  Currently, no staff have tested positive for the virus, and 13 have recovered.  *See* https://www.bop.gov/coronavirus/.

[3] Section 3553(a) directs a sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, the parties agree that Cato has exhausted his administrative remedies, and his motion is therefore ripe for consideration.

According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may constitute a basis for release. Section 1B1.13 defines a condition as "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1.

By his own admission, Cato has not identified a health condition that "substantially diminishes" his ability to "provide self-care." *See* U.S.S.G. § 1B1.13. He argues, however, that "the District Courts themselves have the Power to determine what constitute extraordinary and compelling reasons for compassionate release." And, he suggests that COVID-19 itself—apart from an underlying health condition—constitutes an "extraordinary and compelling" condition meriting release. The Third Circuit has rejected this characterization. While COVID-19 presents "risks" to inmates—as it currently does to everyone in the world, given the nature of a pandemic—"the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify" release independent from statutory considerations, "especially considering the [Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). Otherwise stated, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, *without more*, provide the sole basis for

granting release to each and every prisoner within our Circuit." *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) (emphasis added).  Accordingly, Cato's generalized concerns about contracting COVID-19 are insufficient to warrant compassionate release.

An appropriate order follows.

July 21, 2020                                         BY THE COURT:


                                                     */s/ Wendy Beetlestone*
                                                     _____
                                                     **WENDY BEETLESTONE, J.**